[Cite as *State v. Upkins*, 2012-Ohio-6114.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 17-12-13

      v.

LAMONE UPKINS,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 11CR000264

Judgment Reversed and Cause Remanded

Date of Decision: December 26, 2012

APPEARANCES:

    *R. Eric Sanders* for Appellant

    *Jeffrey J. Beigel* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Lamone Upkins ("Upkins") brings this appeal from the judgment of the Court of Common Pleas of Shelby County finding him guilty of four counts of trafficking in drugs and sentencing him to three years in prison. For the reasons set forth below, the judgment is reversed.

{¶2} On September 29, 2011, the Shelby County Grand Jury indicted Upkins on four counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), all felonies of the fifth degree. A jury trial was held on December 29, 2011. On February 13, 2012, a sentencing hearing was held. The trial court sentenced Upkins to serve nine months in prison on each count and ordered that they all be served consecutively for a total prison term of 36 months. The trial court also ordered Upkins to pay restitution in the amount of $830 to the Sidney Police Department. Upkins appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**The trial court erred in imposing consecutive sentences on Counts I, II, III, and IV that, when combined, exceed the maximum prison term permitted under R.C. 2953.08(A) for the most serious offense of which [Upkins] was convicted.**

### Second Assignment of Error

**The trial court erred in imposing consecutive sentences on Counts I, II, III, and IV as the trial court did not make the mandated statutory findings under the provisions of R.C.**

**2929.14(C)(4) prior to sentencing [Upkins] to consecutive prison terms.**

**Third Assignment of Error**

**The trial court erred in ordering consecutive sentences, as the reasons given by the trial court were insufficient to warrant consecutive sentences under R.C. 2929.14(C).**

**Fourth Assignment of Error**

**The trial court erred in ordering [Upkins] to pay restitution to the Sidney Police Department in the amount of $830.00 for advanced buy money, confidential informant reimbursement, and lab fees incurred in its investigation.**

{¶3} The first assignment of error need not be addressed. Upkins withdrew this assignment of error in his reply brief. The fact of the withdrawal of the first assignment of error was confirmed at oral argument. Thus, this court will not address it.

{¶4} In the second assignment of error, Upkins claims that the trial court failed to make the statutory findings as set forth in R.C. 2929.14(C)(4).

**If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17,**

**or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). The effect of this portion of the statute is that trial courts must make statutory findings when imposing consecutive sentences. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶11. See also *State v. Alexander*, 1st Dist. No. C–110828, C–110829, 2012-Ohio-3349, ¶13; *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶17; *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶5; and *State v. Sullivan*, 10th Dist. No. 11AP-414, 2012-Ohio-2737, ¶24. Specifically, the trial court must find that 1) consecutive sentences are necessary to either protect the public or punish the offender, 2) the sentences would not be disproportionate to the offense committed, and 3) one of the factors set forth in R.C. 2929.14(C)(4)(a, b, or c). *Alexander, supra* at ¶15. A review of the record shows that the trial court failed to make the findings required by R.C. 2929.14(C)(4). The trial court specified that it "considered the consecutive factors under R.C. 2929.14(C)(4)." Tr. 7-8. However, the trial court at no time made a

finding that 1) consecutive sentences were necessary for the statutory reasons or 2) that consecutive sentences were not disproportionate. The trial court did discuss Upkins past criminal history, the multiple offenses, and his failure to previously pay community control fees. While this may satisfy the third finding required by the statute, it does not satisfy the other two findings that are required. These findings were not made at the hearing and were not made in the judgment entry. Thus, the imposition of consecutive sentences without the findings required by statute to be made is contrary to law. The second assignment of error is sustained.

{¶5} Upkins argues in the third assignment of error that the reasons given for ordering the consecutive sentences were insufficient to warrant consecutive sentences. A review of the statute shows that unlike the prior version of R.C. 2929.12(C)(4) in place before the ruling in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, requiring judicial findings, the current version of the statute does not require a trial court to put its reasons for imposing consecutive sentences on the record. *Alexander, supra* at ¶18. Thus, the trial court does not err by not giving its reasons. *Id*. However, the record must contain some facts to support the trial courts findings as required by R.C. 2929.14(C)(4). *Id*. To satisfy this requirement, the trial court may give reasons for the sentence even though it is not required to do so. *Id*. Since, as discussed above, the trial court did not make the required findings, this court cannot conduct a review to see if the evidence

Case No. 17-12-13

supported findings which were not made. This issue cannot be addressed at this time and the third assignment of error is moot.

{¶6} Finally, Upkins argues that the trial court erred by ordering him to pay $830 in restitution to the Sidney Police Department. This court has repeatedly held that "the plain language of R.C. 2929.18(A)(1) makes restitution available only to actual victims of an offense." *State v. Dietrich*, 3d Dist. No. 1-10-76, 2011-Ohio-4347, ¶31. "A victim of a crime is defined as the person or entity that was the 'object' of the crime." *State v. Samuels*, 4th Dist. No. 03CA8, 2003-Ohio-6106, ¶5. Although a government entity might, in certain cases, be a victim of a crime, that is not the case when the money is used to investigate a crime. "[A] government entity voluntarily advancing its own funds to pursue a drug buy through an informant is not one of the scenarios contemplated by R.C. 2929.18(A)(1)." *Dietrich, supra*. The State concedes that this is the law and does not dispute that the trial court erred in ordering restitution to the Sidney Police Department. Therefore, the fourth assignment of error is sustained.

{¶7} Having found error prejudicial to the defendant, the judgment of the Court of Common Pleas of Shelby County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, J., concurs.**
**SHAW, P.J, concurs in Judgment Only.**

-6-