[Cite as *State v. Short*, 2013-Ohio-3780.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                        CASE NO. 17-12-15

    v.

VANCE A. SHORT,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 11CR000039

Judgment Reversed and Cause Remanded

Date of Decision: September 3, 2013

APPEARANCES:

    *Jason R. Farley* for Appellant

    *Christopher Wagner and Melinda Kowalski* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Vance A. Short ("Short"), appeals the March 20, 2012 judgment of the Shelby County Court of Common Pleas sentencing him to serve 15 years in prison for his conviction on one count of conspiracy to murder and on one count of complicity to commit aggravated burglary.

{¶2} On January 27, 2011, the Shelby County Grand Jury returned a two-count indictment charging Short with one count of aggravated murder, in violation of R.C. 2903.01, an unspecified felony, and one count of murder, in violation of R.C. 2903.02(A), a felony of the first degree.

{¶3} On January 18, 2012, pursuant to a negotiated plea agreement, Short pleaded guilty to conspiracy to murder, in violation of R.C. 2923.01 and R.C. 2903.02, and to complicity to commit aggravated burglary, in violation of R.C. 2923.03 and 2911.11(A)(1), both felonies of the first degree. In exchange for Short pleading guilty, the prosecution agreed to recommend a sentence of fourteen years in prison.

{¶4} On March 20, 2012, the trial court sentenced Short to serve a ten-year prison term on the conspiracy to murder charge and a five-year prison term on the complicity to commit aggravated burglary charge. The trial court ordered the prison terms to be served consecutively for a total stated prison term of fifteen years.

{¶5} Short subsequently filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT FAILED TO MAKE THE NECESSARY STATUTORY FINDINGS IN SENTENCING DEFENDANT TO CONSECUTIVE SENTENCES**.

{¶6} In his sole assignment of error, Short argues that the trial court erred when it sentenced him to serve consecutive sentences without addressing the statutory requirements of R.C. 2929.14(C)(4).

{¶7} Section 2953.08(G)(2) of the Revised Code governs our standard of review for felony sentencing and provides in relevant part:

> **The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

{¶8} The revisions to the felony sentencing statues under H.B. 86 now require a trial court to make specific findings as a prerequisite to imposing

consecutive sentences. *See State v. Hites*, 3d Dist. Hardin No. 6–11–07, 2012–Ohio–1892, ¶ 11. Even though H.B. 86 requires the trial court to make specific findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence. *See State v. McKinley*, 3rd Dist. Van Wert No. 15-12-07, 2012-Ohio-6117. Moreover, while the sentencing court is not required to use "talismanic words," it must be clear from the record that the trial court addressed the statutorily required findings. *State v. Alexander,* 1st Dist. Hamilton Nos. C-110828, C-110829, ¶ 16; *see also State v. Lebron,* 2012–Ohio–4156, ¶ 11 (8th Dist.).

{¶9} Appellate courts have held that a trial court's imposition of consecutive sentences without addressing the required R.C. 2929.14(C)(4) findings constitutes a sentence that is clearly and convincingly contrary to law. *See e.g., State v. Slane*, 10th Dist. Franklin No. 12AP-316, 2013-Ohio-2107 *State v. Black*, 4th Dist. Ross No. 12CA3327, 2013-Ohio-2105, ¶ 58; *State v. Esmail*, 7th Dist. Columbiana No. 11 CO 35, 2013-Ohio-2165; *State v. Upkins*, 3d Dist. Shelby No. 17-12-13, 2012-Ohio-6114, ¶ 4; *State v. Bradley*, 5th Dist. Stark No. 2012CA00011, 2012-Ohio-4787, ¶ 45.

{¶10} Section 2929.14(C)(4) of the Revised Code specifically states that:

**If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public**

**from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶11} Here, there is nothing in the record to indicate that the trial court addressed the requisite statutory findings prescribed by R.C. 2929.14(C)(4) either at the sentencing hearing or in its judgment entry of conviction and sentence. Specifically, the trial court stated the following on the record at the sentencing hearing.

**Considering the presumptions, the joint recommendation, and Section 2929.13(D) of the Revised Code,[1] it is ordered that the Defendant shall serve a stated prison term of 10 years as to Count I, which is conspiracy to murder, and five years as to Count II with Count II to run consecutive to Count I.**

---

[1] Section 2929.13(D) of the Revised Code addresses the presumption for first degree felonies "that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code."

(Sentencing Tr. at 11).

**{¶12}** In its judgment entry of conviction and sentence, the trial court stated

the following regarding Short's consecutive sentences.

> **The Court has considered the presumptions under Section 2929.13(D) of the Revised Code. It is therefore ORDERED that the Defendant serve a stated prison term of ten (10) years as to Count I and five (5) years as to Count II, with Count II to run consecutive to Count I.**

(Doc. No. 169 at 2).

**{¶13}** Based upon our review, we find that there is no clear indication in

the record that the trial court addressed the statutory findings in R.C.

2929.14(C)(4). Therefore, consistent with prior precedent, we conclude that the

trial court's sentence is clearly and convincingly contrary to law. Notably, the

appellee, the State of Ohio, concedes on appeal that the trial court's failure to

address the statutory findings is reversible error. Accordingly, Short's assignment

of error is sustained.

**{¶14}** Based on the foregoing, the judgment of the Shelby County Court of

Common Pleas is reversed. We further remand this matter for the limited purpose

of resentencing so that the trial court may address the appropriate findings under

R.C. 2929.14(C)(4).

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ROGERS, J.J., concur.**