[Cite as *State v. Raymond*, 2014-Ohio-556.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 1-13-23

      v.

CARL D. RAYMOND,                        O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2012 0388

Judgment Affirmed

Date of Decision:    February 18, 2014

APPEARANCES:

     *Eric J. Allen*  for Appellant

     *Jana E. Emerick*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Carl D. Raymond, appeals the Allen County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On November 16, 2012, the Allen County Grand Jury indicted Raymond on six counts of burglary, violations of R.C. 2911.12(A)(2) and second degree felonies. (Doc. No. 1).

{¶3} On December 20, 2012, Raymond appeared for arraignment and entered pleas of not guilty. (*See* Doc. Nos. 5, 21).

{¶4} On February 8, 2013, Raymond withdrew his pleas of not guilty and entered pleas of guilty to Counts One, Two, and Three of burglary as charged in the indictment pursuant to a written plea agreement. (Feb. 8, 2013 Tr. at 1-2, 14-15); (Doc. Nos. 20-21). In exchange for the change of plea, the State agreed to dismiss Counts Four, Five and Six of burglary, not pursue any additional charges, order a Pre-Sentence Investigation (PSI) report, and to remain silent at sentencing. (*Id.* at 15); (*Id.*). The trial court accepted Raymond's guilty pleas and found him guilty based upon his pleas. (*Id.*); (*Id.*). The trial court also dismissed the remaining charges and ordered a PSI for sentencing. (*Id.* at 15).

{¶5} On March 21, 2013, the trial court sentenced Raymond to four years on each Count and further ordered that Raymond serve the terms consecutively for an aggregate sentence of 12 years. (Mar. 21, 2013 Tr. at 12). The trial court

further ordered that Raymond serve the 12-year term of imprisonment in the Allen County case consecutive to the 9-year term of imprisonment in his Auglaize County case—a case stemming from separate burglaries Raymond committed in that county. (*Id.* at 4-5, 13). The trial court also ordered that Raymond pay restitution to the victims of his burglaries totaling $57,583.23. (*Id.* at 13-14).

{¶6} On March 21, 2013, the trial court filed its judgment entry of sentence. (Doc. No. 23).

{¶7} On April 17, 2013, Raymond filed a notice of appeal. (Doc. No. 29). He raises two assignments of error for our review.

### Assignment of Error No. I

**The trial court abused its discretion when it ruled that the sentence imposed in Allen County should be served consecutive to the sentence imposed in Auglaize County.**

{¶8} In his first assignment of error, Raymond argues that the trial court abused its discretion by ordering his 12-year Allen County sentence consecutive to his Auglaize County 9-year sentence for an aggregate total of 21 years imprisonment. Raymond argues that the trial court had little knowledge of the facts and circumstances of the Auglaize County case to support its findings that the harm was so great and unusual to support consecutive sentences. Raymond does not dispute the trial court's imposition of consecutive sentences in his Allen County case.

{¶9} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶10} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

**{¶11}** "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C)(4)(b) provides:

> (4) * * * the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> * * *
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶12} To determine whether the offender's conduct is more serious than conduct normally constituting the offense, R.C. 2929.12(B) lists several factors the trial court must consider, including the following relevant factors:

> (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
>
> * * *
>
> (7) The offender committed the offense for hire or as a part of an organized criminal activity.

The trial court is also empowered to consider "any other relevant factors" when making this determination. R.C. 2929.12(B).

{¶13} Prior to addressing the merits of Raymond's appeal, we are compelled to address the dissent's novel position that the judgment entry of sentence is a non-final, appealable order because it failed to provide *the case number* of the Auglaize County case from which Raymond's Allen County sentence runs consecutively. After reviewing *State v. Lester*, we are persuaded that the judgment entry Raymond appeals sets forth the "sentence" as required under Crim.R. 32(C) as a matter of form. 130 Ohio St.3d 202, 2011-Ohio-5204. *Lester*, itself, instructs appellate courts not to elevate a matter of orderly procedure over substance for purposes of Crim.R. 32(C)—the dissent's exact invitation. *Id.* at ¶ 12. Contrary to the dissent's characterization, the record also demonstrates

that the parties were aware of the Auglaize County case at issue. The PSI indicates that the Auglaize County case number is 2012CR0154. (PSI). The trial court reviewed the PSI prior to sentencing and even circled the applicable Auglaize County case.[1] Finally, to the extent that the trial court's failure to include the Auglaize County case number was error, sentencing errors—even illegal sentences—do not deprive this court of jurisdiction for appellate review. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 7, 39. Consequently, we are not persuaded that the lack of the Auglaize County case number rendered the judgment entry of sentence a non-final, appealable order depriving this Court of jurisdiction. We now turn to the merits of Raymond's appeal.

{¶14} Raymond was originally indicted on six burglaries stemming from six separate home invasions throughout Allen County over the course of five days for the purpose of stealing items to support his prescription drug addiction. (Doc. No. 1); (PSI). The trial court found that the victims in this case suffered severe economic harm. (R.C. 2929.12(B)(2)). The record supports this finding. The trial court ordered Raymond to pay $57,583.23 in restitution to the victims. (Mar. 21, 2013 Tr. at 14). Beyond the trial court's restitution order, the discovery in this case supports the trial court's finding that the victim's suffered severe economic harm. (*See* Doc. No. 15). Raymond stole several firearms that were collectors'

---

[1] The trial court judge initialed the PSI using a blue felt-tip pen. This same pen was used to circle the Auglaize County case at issue.

models or high-value, custom-built firearms, thousands of dollars in cash, and jewelry. (*See Id.*). (*See also* Victim Impact Statements). While some of the loss suffered by the victims was covered by insurance, the majority was not covered due to insurance policy limitations on jewelry and firearms coverage. (Victim Impact Statements).

{¶15} The trial court also found that the victims suffered severe psychological harm. (R.C. 2929.12(B)(2)). The record also supports this finding. One of the victims informed the trial court at sentencing that Raymond stole family heirlooms that she planned to hand down to her grandchildren. (Mar. 21, 2013 Tr. at 2-3). This victim further indicated that she is still afraid when she is alone in her home after her husband leaves for work. (*Id.* at 3). The victim impact statements submitted along with the PSI also indicated severe psychological harm. (Mar. 21, 2013 Tr. at 2-3); (Victim Impact Statements). Many of the victims stated that they were now afraid to leave their homes vacant and have installed security alarms. (Victim Impact Statements). Many of the items Raymond stole, like jewelry, also had sentimental value to the victims. (Mar. 21, 2013 Tr. at 2-3); (Victim Impact Statements). (*See also* Doc. No. 15). Some of the victims expressed concern that Raymond would send his "buddies" back to their house to further victimize them. (Victim Impact Statements). Other victims questioned whether they should buy firearms to protect themselves. (*Id.*).

{¶16} The trial court also found that the offenses were more serious than normal in light of the drug activity and the fact that Raymond was coordinating with his drug suppliers to determine which houses to burglarize. (Mar. 21, 2013 Tr. at 5-6, 9-10); (*See* R.C. 2929.12(B)(7)). (*See also* R.C. 2929.12(B), "any other factor").

{¶17} Finally, the trial court indicated at the sentencing hearing that it was aware that Raymond was charged with two burglaries, an attempted burglary, and a drug charge in Auglaize County. (Mar. 21, 2013 Tr. at 4). Raymond indicated that the drug charges were dropped and he received nine years imprisonment on the remaining convictions. (*Id.* at 4-5).

{¶18} Raymond has failed to clearly and convincingly demonstrate that the trial court erred by ordering his Allen County sentence consecutive to his Auglaize County sentence. The trial court weighed the appropriate factors and made the appropriate R.C. 2929.14(C) findings prior to imposing consecutive sentences. Therefore, the trial court followed the appropriate sentencing procedure, and the sentence was not contrary to law. The trial court was clearly concerned with the severe economic and psychological harm Raymond caused during his several-day burglary spree. The trial court's findings were supported by the record. Contrary to Raymond's argument, the trial court was aware of the essential circumstances of the burglaries in Auglaize County—they were more of the same activity that

took place in Allen County, i.e. burglarizing and stealing to fund Raymond's drug addiction.

{¶19} Raymond's first assignment of error is, therefore, overruled.

**Assignment of Error No. II**

**Appellant's right to effective assistance of counsel was violated when counsel offered no evidence on behalf of her client in mitigation.**

{¶20} In his second assignment of error, Raymond argues that he was denied effective assistance of trial counsel when trial counsel failed to offer any evidence in mitigation. In particular, Raymond argues that trial counsel failed to highlight his substance abuse, lack of a prior felony record, and low Ohio Risk Assessment System ("ORAS") score.

{¶21} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

{¶22} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 689.

Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976).

**{¶23}** The presentation of mitigation evidence is a matter of trial strategy, which does not constitute ineffective assistance. *State v. Stiles*, 3d Dist. Allen No. 1-08-12, 2009-Ohio-89, ¶ 59, citing *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 241, citing S*tate v. Keith*, 79 Ohio St.3d 514, 530 (1997). As a matter of trial strategy, trial counsel decided to have Raymond make a statement expressing his remorse to the victims, their families, and his family during sentencing. (Mar. 21, 2013 Tr. at 4). A PSI was also prepared detailing Raymond's criminal record, prescription-drug addiction, and his moderate ORAS score. Therefore, all of the mitigation evidence Raymond argues trial counsel should have highlighted was already before the sentencing court. Consequently, we are not persuaded that trial counsel's argument concerning mitigation evidence that was already before the sentencing court would have changed the outcome here.

{¶24} Raymond's second assignment of error is, therefore, overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, J., concurs.**

**/jlr**


**ROGERS, J., DISSENTS.**

{¶26} I respectfully dissent from the opinion of the majority and would find that the entry appealed from is not a final, appealable order.

{¶27} The Ohio Court of Appeals is only vested with appellate jurisdiction over final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2). Thus, if the judgment appealed from is not a final order, an appellate court has no jurisdiction over the matter and the appeal must be dismissed. *State v. O'Black*, 3d Dist. Allen No. 1-09-46, 2010-Ohio-192, ¶ 4.

{¶28} Appellant argues that the trial court erred in imposing a sentence that is to be served consecutive to a conviction in Auglaize County. However, the trial court has failed to identify the alleged conviction in Auglaize County. It cannot be determined from the sentencing entry what Auglaize County case the trial court is referring to or whether the Auglaize County case has even been completed and a

sentence imposed.[2] It is axiomatic that the Allen County case cannot be ordered to be served consecutive to another case on which a sentence has not yet been imposed.

{¶29} I would refer the majority to the opinion of the Ohio Supreme Court in *State v. Lester*. 130 Ohio St.3d 303, 2011-Ohio-5204. In *Lester*, the Court stated that a judgment of conviction is a final order "when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at ¶ 14. Certainly an order imposing a consecutive sentence is incomplete when it cannot be determined from a reading of the sentencing entry as to what case the current sentence is to be served consecutive. It appears the trial court had no actual knowledge of an Auglaize County case except for a discussion of its possible existence.

{¶30} Since Raymond's sentence cannot be ascertained from the trial court's judgment entry, I would dismiss this appeal for lack of a final, appealable order.

/jlr

---

[2] Although the PSI states a case number for an Auglaize County case, it shows the status of the case as pending. Further, since the Auglaize County case number was never mentioned at the sentencing hearing, a nunc pro tunc judgment entry would not be able to correct this deficiency.