[Cite as *State v. Panning*, 2014-Ohio-1880.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 15-13-07

    v.

BOBBY L. PANNING,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. 13-05-059

Judgment Reversed and Cause Remanded

Date of Decision: May 5, 2014

APPEARANCES:

    *Dillon W. Staas, IV* for Appellant

    *Eva J. Yarger* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Bobby L. Panning, appeals the judgment of the Court of Common Pleas of Van Wert County, convicting him of sexual battery. On appeal, Panning argues that the trial court erred by (1) classifying him as a Tier III Sex Offender; and (2) imposing consecutive sentences. Panning also argues he was denied effective assistance of counsel. For the reasons that follow, we reverse the trial court's judgment.

{¶2} On May 3, 2013, the Van Wert County Grand Jury indicted Panning with rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and sexual battery in violation of R.C. 2907.03(A)(5), a felony of the second degree. The events that led to the indictment were alleged to have occurred on or around October 9, 2002. At the time of his indictment, Panning was serving an 18 year prison sentence as a result of separate rape convictions in Paulding County in 2004.

{¶3} At a change of plea hearing held on September 5, 2013, the State amended the indictment, without objection, to change the offense of sexual battery from a felony of the second degree to a felony of the third degree, to reflect the statute in effect at the time the offense was committed.[1] The State, over the course

---

[1] Under the current statute, where the victim is under 13 years of age, the offense of sexual battery is a felony of the second degree. R.C. 2907.03(A)(5). While it is undisputed that the victim was under the age of 13, at the time of the offense a violation of the statute was a felony of the third degree, regardless of the age of the victim.

of the proceeding, made numerous references to the law in effect at the time, correcting the trial court's recitation of the statute as well as the amount of a fine for a third degree felony. *See* Sept. 5, 2013 Hearing Tr., p. 11, 17-18. Panning's petition to enter a guilty plea stated that he would be classified as a sex offender, but had all language that he would be classified under a tier system crossed out. (Docket No. 40, p. 3-5). Before the court accepted a guilty plea from Panning to the sexual battery charge, the following exchange took place:

> **Trial Court:** Do you understand that by pleading guilty to this offense, you will undergo a sex offender classification, and that could require you to register with the county sheriff with periodic verification of your registration information. Do you understand that?
>
> **Panning:**     Yes, I do.

Sept. 5, 2013 Hearing Tr., p. 15. After a dialogue informing him of his rights, Panning pled guilty to the second count of the indictment, sexual battery, and the trial court accepted the plea. The first count of the indictment, rape, was dismissed by the State, and the trial court ordered a pre-sentence investigation report.

{¶4} At the sentencing hearing held on October 17, 2013, the pre-sentence investigation report was accepted by the court, Panning testified, and a letter written by the victim was read by the Crime Victims Advocate. A letter written by

Panning and the letter read by the advocate were both accepted by the court. The trial court then stated:

> The Court now being fully informed of the circumstances surrounding the charge and finding no cause which would preclude pronouncement of sentence, the Court finds that the offender is not amenable to Community Control and that prison is consistent with the purposes and principles set forth in Revised Code section 2929.11
> Therefore the sentence of law and the judgment of this Court that the defendant be sentenced to a basic prison term of Sixty (60) months which shall be served in the custody of the Department of Rehabilitation and Corrections, to be served consecutive with the defendant's current sentence.

Oct. 17, 2013 Hearing Tr., p. 27. Panning was also sentenced to five years of post-release control, and the court went on to classify him as a Tier III Sex Offender under the current sex offender registration law. The court informed Panning of the registration requirements inherent in the classification and that failure to follow these requirements could result in criminal prosecution.

{¶5} In its judgment entry, the trial court stated that it:

> considered the information presented at the sentencing hearing, the record, the factors pertaining to the seriousness of the offense, the likelihood of recidivism, the factors contained in R.C. 2929.12 and 2929.13(B), and now being fully informed of the circumstances surrounding the charge, finds no cause which would preclude pronouncement of sentence. The Court finds that the offender is not amendable to community control and that prison is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.

(Docket No. 54, p. 2).

{¶6} Panning filed this timely appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT'S SEX OFFENDER CLASSIFICATION OF APPELLANT VIOLATES PROHIBITIONS AGAINST RETROACTIVE LAWS CONTAINED IN BOTH THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.**

*Assignment of Error No. II*

**THE TRIAL COURT IMPROPERLY IMPOSED CONSECUTIVE SENTENCES UPON APPELLANT WITHOUT MAKING THE REQUIRED STATUTORY FINDINGS PURSUANT TO OHIO REVISED CODE SECTION 2929.14(C)(4).**

*Assignment of Error No. III*

**APPELLANT WAS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND HE WAS PREJUDICED AS A RESULT.**

*Assignment of Error No. I*

{¶7} In his first assignment of error, Panning argues that he was impermissibly classified as a Tier III Sex Offender. We agree.

{¶8} Ohio's classification system for sex offenders at the time Panning committed his offense, Megan's Law, was enacted in 1996 and amended in 2003. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 7. The Ohio Supreme

Court found that Megan's Law, which included reporting and registration requirements for the offender, could be retroactively applied to offenses that occurred before both its original effective date and that of its amendments. *See State v Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 40; *State v. Cook*, 83 Ohio St.3d 404 (1998), paragraph one of the syllabus.

{¶9} Ohio's current classification system, the Adam Walsh Act, was enacted in 2007 with an effective date of January 1, 2008. *Williams* at ¶ 7-8. The Adam Walsh Act replaced the system under Megan's Law, which required a hearing to determine an offender's classification, with a tiered system classifying offenders automatically based on the offense committed. *Id.* at ¶ 17. However, the Ohio Supreme Court has found that the changes enacted in the Adam Walsh Act "imposed new or additional burdens, duties, obligations or liabilities on a past transaction." *Id.* at ¶ 22. Unlike Megan's Law, the Court found that the Adam Walsh Act could not be applied to "any offender who committed an offense prior to [its] enactment * * *." *Id.*

{¶10} Megan's Law is still in effect for any offense committed before the effective date of the Adam Walsh Act. *See State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, ¶ 22 (finding that Megan's Law was not repealed with passage of the Adam Walsh Act); *State v. Sheriff*, 3d Dist. Logan No. 8-11-14, 2012-Ohio-656, ¶ 15 (finding offender properly classified under Megan's Law where offense

was committed prior to the enactment of Adam Walsh Act but conviction arose after its effective date). When an offender is classified using the Adam Walsh Act for an offense that occurred before its effective date, the case must be remanded for reclassification. *Williams* at ¶ 23. This court has found that, on remand, offenders should be classified under Megan's Law. *State v. Johnson*, 3d Dist. Wyandot Nos. 16-11-05, 16-11-06, 2013-Ohio-136, ¶ 9.

**{¶11}** Both the prosecution and the trial court understood that Panning was subject to the law as it existed at the time of the offense and took steps to ensure that they used the correct version of the statute when accepting his guilty plea, even removing references to the current tier system of sex offender classification in the petition to accept his guilty plea. However, the trial court classified Panning as a Tier III Sex Offender under the Adam Walsh Act, instead of using what was in effect at the time, Megan's Law. As Panning's offense occurred prior to the effective date of the Adam Walsh Act, we find that he was improperly classified. Therefore, we reverse the trial court's classification of Panning as a Tier III Sex Offender and remand this matter so that he can be properly classified according to the law as it existed at the time of his offense.

**{¶12}** Accordingly, Panning's first assignment of error is sustained.

*Assignment of Error No. II*

**{¶13}** In his second assignment of error, Panning argues that the trial court did not make the specific findings necessary to support the imposition of consecutive sentences. We agree.

**{¶14}** The felony sentencing statutes were revised by H.B. 86, which took effect on September 30, 2011. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11, fn. 1. The legislation revived the presumption that "a sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A); *see also State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11. This presumption can be overcome under R.C. 2929.14(C), which requires a trial court to make specific findings on the record to impose consecutive sentences.[2] *State v. Billenstein*, 3d Dist. Mercer No. 10-13-10, 2014-Ohio-255, ¶ 67. "Specifically, the trial court must find that (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors set forth in R.C. 2929.14(C)(4)(a, b, or c) applies."[3] *Id.* This court has found that failure to make these findings at the hearing or in the judgment entry is

---

[2] R.C. 2929.41(A) specifies other exceptions to this presumption. However, R.C. 2929.14(C) is the general exception, and the only one that could apply to the circumstances of this case.

[3] We note that while Panning committed the offense before the enactment of H.B. 86, substantially similar findings were required at the time under R.C. 2929.14(E)(4) to overcome the presumption of concurrent sentences.

grounds for reversal. *Id.* at ¶ 70; *State v. Upkins*, 3d Dist. Shelby No. 17-12-13, 2012-Ohio-6114, ¶ 4.

{¶15} At the time of the proceedings in this case, Panning was serving a prison term of 18 years as a result of prior convictions for rape in Paulding County, Ohio.[4]  Therefore, absent the specific findings under R.C. 2929.14(C), any sentence Panning receives must run concurrent to the sentence he is currently serving.

{¶16} During the sentencing hearing, the trial court stated that it considered the overriding purposes of felony sentencing under R.C. 2929.11 and that Panning was not amenable to community control.  In its judgment entry, the trial court stated that it considered the felony sentencing factors in R.C. 2929.12 and 2929.13(B).  However, nowhere in the record did the trial court find any of the factors required by R.C. 2929.14(C).  Instead, the trial court merely stated, both at the hearing and in its judgment entry, that the sentence is to run consecutively to Panning's current sentence.  Without any of the required findings in the record, Panning's sentence is improper.  As a result, we reverse the trial court's imposition

---

[4] It is undisputed that Panning was serving a prison sentence at the time he was convicted.  However, we note that the trial court did not identify the prior conviction to which the sentence it was imposing was to be consecutive.  This court has found that this type of error is a matter of form.  *State v. Raymond*, 3d Dist. Allen No. 1-13-23, 2014-Ohio-556, ¶ 13.  "[A]n order imposing a consecutive sentence is incomplete when it cannot be determined from a reading of the sentencing entry as to what case the current sentence is to be served consecutive."  *Id.* at ¶ 29 (Rogers, J., dissenting).  As this matter is being remanded for resentencing, we urge the trial court to correct this error.

of consecutive sentences and remand this matter so that the trial court can make the proper findings, if they so exist, for the imposition of consecutive sentences.

{¶17} Accordingly, Panning's second assignment of error is sustained.

*Assignment of Error No. III*

{¶18} In his third assignment of error, Panning argues that he received ineffective assistance of counsel when his attorney failed to object to both the sentence and the sex offender classification. Under App.R. 12(A)(1)(c) this argument is moot and we elect not to address it.

{¶19} Having found error to Panning in his first and second assignments of error, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**