[Cite as *In re K.F.*, 2025-Ohio-1216.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:                                         CASE NO. 5-24-29

    K.F.,

ADJUDICATED DELINQUENT CHILD.            **O P I N I O N**

Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 2023 JD 0203

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  April 7, 2025**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Justin Kahle* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Adjudicated delinquent child-appellant, K.F., appeals the July 11, 2024 judgment entry of disposition of the Hancock County Court of Common Pleas, Juvenile Division, imposing a serious youthful offender ("SYO") blended sentence. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On December 15, 2023, a complaint was filed against K.F. charging him with six counts: Counts One and Two of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(2), felonies of the second degree if committed by an adult; Counts Three, Four, and Five of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), felonies of the fourth degree if committed by an adult; and Count Six of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a felony of the fifth degree if committed by an adult. On January 8, 2024, K.F. filed a written denial to the charges in the complaint. On February 1, 2024, the State filed a noticed that it intended to seek a serious youthful offender ("SYO") disposition against K.F.

{¶3} Thereafter, on March 5, 2024, the Hancock County Grand Jury indicted K.F. on Counts One and Two of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(2), second-degree felonies if committed by an adult; Counts Three, Four, and Five of pandering obscenity involving a minor in

violation of R.C. 2907.321(A)(5), fourth-degree felonies if committed by an adult; and Count Six of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony if committed by an adult. Each of the six counts included a SYO specification, alleging that K.F. was at least 14 years of age at the time of the offenses and thus subject to a discretionary SYO dispositional sentence. On March 11, 2024, K.F. appeared by remote contemporaneous video and entered denials to the charges and SYO specifications contained in the indictment

{¶4} On April 24, 2024, K.F. withdrew his denials and, under a negotiated plea agreement, admitted to Counts One, Two, Three, Four, and Six, and agreed to a SYO blended sentence. In exchange for his change of pleas, the State agreed to dismiss Count Five of the indictment. The juvenile court accepted K.F.'s admissions, found him to be a delinquent child, and ordered a pre-dispositional report.

{¶5} At a dispositional hearing on July 10, 2024, the juvenile court imposed a blended sentence.[1] (Doc. No. 59). The juvenile court committed K.F. to the legal care and custody of the Ohio Department of Youth Services ("DYS") for a minimum of one year (not to exceed K.F.'s 21st birthday) as to Counts One and Two, respectively, and a minimum period of six months (not to exceed K.F.'s 21st

---

[1] The juvenile court filed its judgment entry of disposition on July 11, 2024.

birthday) as to Counts Three, Four, and Six, respectively. The juvenile court ordered that K.F. serve the commitment periods consecutively for an aggregate commitment of a minimum of 42 months (not to exceed K.F.'s 21st birthday).

{¶6} As for the adult sentence, the juvenile court sentenced K.F. to a minimum term of 6 years in prison to a maximum term of 9 years in prison as to Counts One and Two, respectively, to 17 months in prison as to Counts Three and Four, respectively, and to 11 months in prison as to Count Six. The juvenile court ordered that K.F. serve the prison terms consecutively for an aggregate sentence of a minimum term of 12 years and 45 months in prison to a maximum term of 18 years and 45 months in prison. The juvenile court stayed the adult portion of K.F.'s sentence pending his successful completion of the juvenile disposition and deferred his sex offender classification until his release from confinement.

{¶7} K.F. filed his notice of appeal on July 17, 2024. He raises three assignments of error for our review. For ease of our discussion, we will begin by addressing K.F.'s first assignment of error, followed by his second and third assignments of error together.

### First Assignment of Error

**The plea of guilty to the felony indictment herein as well as the admission/plea of guilty to the juvenile charges, were improperly taken as the court failed to properly advise the Defendant of his constitutional rights to wit: the right to remain silent, and as a result, the pleas and admissions must be vacated and remanded to the trial court for further proceedings.**

{¶8} In his first assignment of error, K.F. argues that his delinquency admissions were not knowing, intelligent, and voluntary because he was not properly advised of his rights. Specifically, K.F. contends that his admissions were deficient due to the juvenile court's failure to inform him of his Fifth Amendment privilege against self-incrimination.

*Standard of Review*

Juv.R. 29(D) provides, in relevant part:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

{¶9} "As many Ohio courts of appeals recognize, 'An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.'" *In re C.S.*, 2007-Ohio-4919, ¶ 112, quoting *In re Smith*, 2006-Ohio-2788, ¶ 13 (3d Dist.). "Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquir[i]es in order to insure that the admission or guilty plea is entered voluntarily,

intelligently, and knowingly." *In re Smith* at ¶ 13. "The juvenile court has an affirmative duty under Juv.R. 29(D) to 'determine that the [juvenile], and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.'" *In re T.N.*, 2013-Ohio-135, ¶ 11 (3d Dist.), quoting *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist. 1996).

{¶10} Even though the "preferred practice" in a juvenile delinquency case "is strict compliance with Juv.R. 29(D)," "if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." *In re C.S.* at ¶ 113. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.* "Therefore, the best method for complying with Juv.R. 29(D) is for a juvenile court to tailor the language of the rule to '"the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission."'" *In re D.P.*, 2017-Ohio-606, ¶ 15 (3d Dist.), quoting *In re Smith* at ¶ 14, quoting *In re Miller*, 119 Ohio App.3d 52, 58 (2d Dist. 1997). "A trial court's failure to substantially comply with Juv.R. 29(D) when accepting a juvenile's admission 'has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile

may plead anew.'" *In re R.A.*, 2018-Ohio-3620, ¶ 8 (3d Dist.), quoting *In re T.N.* at ¶ 12.

**{¶11}** "Whether the trial court substantially complied with Juv.R. 29(D) presents an issue of law reviewed on appeal de novo." *In re T.N.* at ¶ 15.

*Analysis*

**{¶12}** In this case, K.F. contends that his delinquency admissions were not knowing, intelligent, or voluntary because the juvenile court did not substantially comply with the mandates of Juv.R. 29(D)(2). Specifically, he contends that the juvenile court failed to adequately advise him of his Fifth Amendment right against self-incrimination. However, based on our review of the record in this case, we conclude that the juvenile court substantially complied with the requirements of Juv.R. 29(D)(2).

**{¶13}** Indeed, at the April 24, 2024 change of plea hearing, the juvenile court engaged in a comprehensive colloquy with K.F., explicitly delineating the rights he was waiving. Relevantly, the juvenile court advised K.F. of his relinquishment of the right to a jury trial (given the presence of a SYO specification); the right to confront and cross-examine witnesses; the right to compulsory process for witnesses; and the right to require the state to prove the charges beyond a reasonable doubt. Furthermore, the juvenile court confirmed that K.F. had reviewed the written

plea agreement with his counsel and ascertained that its contents were consistent with the juvenile court's oral advisements.

**{¶14}** Critically, the written plea agreement, which K.F. acknowledged reviewing, expressly articulated a clear statement regarding K.F.'s right to testify on his own behalf, coupled with the explicit assurance that he could not be compelled to testify. In other words, this written advisement, in conjunction with the comprehensive oral colloquy, demonstrates that K.F. subjectively understood the implications of his plea and the rights he was waiving.

**{¶15}** Accordingly, based on the totality of the circumstances, including the comprehensive oral colloquy and the explicit written advisements, we conclude that the juvenile court substantially complied with the requirements of Juv.R. 29(D)(2), adequately informing K.F. of his right to remain silent. Consequently, K.F.'s delinquency admissions were knowing, intelligent, and voluntary.

**{¶16}** K.F.'s first assignment of error is overruled.

**Second Assignment of Error**

**As to the felony portion of the sentence herein, the trial court failed to comply with its obligations for imposing consecutive sentences under Ohio Revised Code § 2929.14(C)(4) and by virtue thereof the sentences must be concurrent, and the matter remanded to the trial court for further proceedings.**

**Third Assignment of Error**

**The trial court in sentencing on two (2) felonies of the second degree charges, imposed an aggregate sentence of a six (6) year**

**minimum to a nine (9) year maximum sentence as to each count and ordering them to be served consecutively and did so in an improper application of sentencing under the so called Reagan Tokes Enactment in Ohio Revised Code § 2929.144 requiring the sentence to be vacated and the matter remanded to the trial court for further proceedings.**

{¶17} In his second and third assignments of error, K.F. challenges the adult portion of his SYO disposition. Specifically, in his second assignment, K.F. asserts that the juvenile court erred by imposing consecutive (adult) sentences without making the findings required by R.C. 2929.14(C)(4). In his third assignment, K.F. argues that the juvenile court improperly ordered consecutive indefinite (adult) sentences in contravention of R.C. 2929.144.

*Standard of Review*

{¶18} R.C. 2152.13(D)(3) mandates that, for the purpose of appeals, the adult portion of an offender's serious youthful offender disposition sentence is considered as if the stay were not in effect. *In re J.R.*, 2005-Ohio-4090, ¶ 44 (9th Dist.). *See also In re J.G.*, 2021-Ohio-1624, ¶ 22 (3d Dist.) ("Moreover, pursuant to R.C. 2152.13(D)(3), a child upon whom a serious youthful offender dispositional sentence has been imposed has a right to appeal the adult portion of the serious youthful offender dispositional sentence as if the adult portion were not stayed.").

{¶19} Thus, when reviewing the adult-portion of a blended SYO disposition, an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under

relevant statutes or that the sentence is otherwise contrary to law" as provided under R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶20}** "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides, in its relevant part, that

> the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶21}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.); *State v. Peddicord*, 2013-Ohio-3398, ¶ 33 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

**{¶22}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to

support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶23} Based on our review of the record in this case, the juvenile court did not make any of the three statutorily required findings before imposing consecutive sentences, either at the sentencing hearing or within the sentencing entry. *Compare In re S.H.*, 2023-Ohio-2543, ¶14 (11th Dist.) (concluding that, because the defendant was designated as a SYO, R.C. 2929.14(C)(4) applied, and the trial court erred by failing to discuss those factors at sentencing or in its sentencing entry). Consequently, the adult portion of K.F's blended SYO sentence imposed by the juvenile court is contrary to law in this regard. *See State v. Short*, 2013-Ohio-3780, ¶ 13 (3d Dist.).

{¶24} However, this is not the sole error identified in K.F.'s sentencing. In his third assignment of error, K.F. argues that the juvenile court erred by imposing consecutive indefinite (adult) prison terms, specifically contending that the juvenile court improperly aggregated maximum sentences instead of imposing a single indefinite sentence. The State concedes this error. We agree.

{¶25} Under Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), when sentencing a defendant to consecutive terms for qualifying offenses, the court must begin by adding all minimum terms to arrive at

a total minimum sentence, and then add 50 percent of the longest individual minimum term (from *only* the most serious felony) to the total minimum to determine the maximum sentence. *State v. Cerrato*, 2024-Ohio-1735, ¶ 15 (3d Dist.); R.C. 2929.144(B)(2).

{¶26} In this case, the juvenile court correctly calculated K.F.'s aggregate minimum (adult) term, which was 12 years and 45 months (6 years + 6 years + 17 months + 17 months + 11 months). However, the juvenile court erred in calculating the aggregate maximum (adult) term as 18 years and 45 months. Here, the longest minimum term is 6 years, and 50 percent of 6 years is 3 years. Therefore, the permissible aggregate maximum term is 15 years and 45 months (12 years and 45 months + 3 years).

{¶27} Because the juvenile court imposed an aggregate maximum term of 18 years and 45 months, which exceeds the statutorily permissible maximum of 15 years and 45 months, K.F.'s sentence is contrary to law in this respect.

{¶28} For these reasons, we vacate the adult portion of K.F.'s blended SYO sentence imposed in this case and remand the case for the limited purpose of resentencing.

{¶29} K.F.'s second and third assignments of error are sustained.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we affirm the

judgment of the juvenile court. However, having found error prejudicial to the appellant herein in the particulars assigned and argued in his second and third assignments of error, we reverse the judgment of the juvenile court and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/hls**