[Cite as *State v. Hites*, 2012-Ohio-1892.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 6-11-07

    v.

SANDRA D. HITES,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20112162CRI

Judgment Affirmed

Date of Decision: April 30, 2012

APPEARANCES:

    *David K. Goodin* for Appellant

    *Bradford W. Bailey and Ryan Zerby* for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant, Sandra D. Hites ("Hites"), appeals the October 13, 2011 judgment of the Hardin County Court of Common Pleas sentencing her to serve eight years in prison for her conviction on two counts of sexual battery.

{¶2} On August 4, 2011, the Hardin County Prosecutor filed a bill of information alleging Hites committed two counts of sexual battery, in violation of R.C. 2907.03(A)(7), both felonies of the third degree. On the same day, Hites also signed a waiver of indictment and pled guilty to both counts listed in the bill of information. The charges stemmed from two incidents during which Hites, a teacher's aide and a coach at a local school district, digitally penetrated the vagina of a thirteen-year-old student on school premises.

{¶3} On October 11, 2011, Hites appeared for sentencing. At the sentencing hearing, the prosecution recommended a prison term of three years on each count of sexual battery to run consecutively for a total six-year sentence. After considering the arguments from the prosecution, the defendant and her counsel, the pre-sentence investigative report and a statement written by the victim's parents, in addition to the evidence contained in the record, the trial court sentenced Hites to serve four years in prison on each count of sexual battery with the prison terms to run consecutively for a total of eight years in prison. Hites was

also classified as a Tier III sexual offender. Hites' sentence was journalized in the

trial court's October 13, 2011 judgment entry of conviction and sentence.

{¶4} Hites now appeals, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**DEFENDANT'S EIGHT YEAR SENTENCE IS CONTRARY TO LAW BECAUSE IT IS INCONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT RELIED ON NEW MATERIAL FACTS IN SENTENCING THE DEFENDANT WITHOUT CONTINUING THE HEARING OR TAKING OTHER APPROPRIATE ACTIONS TO ALLOW THE DEFENDANT AN ADEQUATE OPPORTUNITY TO RESPOND, AS REQUIRED BY [R.C.] 2930.14(B).**

## ASSIGNMENT OF ERROR NO. III

**THE DEFENDANT'S SENTENCES ARE VOID AND MUST BE VACATED BECAUSE THE TRIAL COURT RELIED UPON UNCONSTITUTIONAL STATUTES, [R.C.] 2929.14(E)(4) AND [R.C.] 2929.14(E)(4)(b), WHEN SENTENCING THE DEFENDANT.**

## ASSIGNMENT OF ERROR NO. IV

**DEFENDANT'S EIGHT YEAR SENTENCE IS UNDULY HARSH AND NOT SUPPORTED BY THE RECORD, AND THEREFORE CONSTITUTES AN ABUSE OF THE TRIAL COURT'S DISCRETION.**

## ASSIGNMENT OF ERROR NO. V

**DEFENDANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE TRIAL COURT EMPLOYED THE "SENTENCING PACKAGE" DOCTRINE.**

**{¶5}** For ease of discussion, we elect to discuss some of Hites' assignments of error together and out of order.

*First, Fourth and Fifth Assignments of Error*

**{¶6}** In her first, fourth and fifth assignments of error, Hites argues that the trial court abused its discretion in imposing the eight-year prison term and asserts that the prison term imposed by the trial court is contrary to law. Specifically, Hites claims that the eight-year prison term imposed by the trial court is unduly harsh and was not supported by the record. Hites also argues that the sentence imposed by the trial court is contrary to law because it is inconsistent with sentences imposed for similar crimes committed by similar offenders and because the trial court erroneously employed the "sentencing package" doctrine in imposing Hites' sentence.

**{¶7}** An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Daughenbaugh*, 3d Dist. No. 16–07–07, 2007–Ohio–5774, ¶ 8, citing *State v. Carter*, 11th Dist. No. 2003–P–0007, 2004–Ohio–1181. In particular, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal.

> **The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

{¶8} In addition, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(A),(B).

{¶9} Hites pled guilty to two counts of sexual battery in violation of R.C. 2907.03(A)(7), both felonies of the third degree. Revised Code Section 2907.03(A)(7) provides, in pertinent part.

**(A)  No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:**

**(7)  The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school.**

{¶10} Pursuant to R.C. 2929.14(A)(3)(a), "[f]or a felony of the third degree that is a violation of section * * * 2907.03 * * * of the Revised Code, * * * the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months."  Here, the trial court sentenced Hites to four years, or forty-eight months, on each count of sexual battery, which is within the statutory range and not the maximum sentence the trial court was authorized to impose.  The trial court also determined that the facts of this case warranted imposing the two, four-year prison terms to run consecutively.

{¶11} The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences.[1]  In particular, R.C. 2929.14(C)(4) provides, in relevant part:

**(4)  If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the**

---

[1] We note that because H.B. 86 took effect on September 30, 2011, and Hites was sentenced on October 13, 2011, the trial court was required to sentence Hites according to the revisions implemented in H.B. 86.

**offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.**

Both on the record at the sentencing hearing and in the judgment entry of conviction and sentence, the trial court articulated the appropriate findings consistent with the directives of R.C. 2929.14(C)(4). Specifically, the trial court made the following findings:

**The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and further, that the two offenses were committed as part of one or more courses of conduct and the harm caused by the two offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

(JE, Oct. 13, 2011 at p.4); (see, also, Trans. Oct. 11, 2011 Hrg. at p. 19).

Case No. 6-11-07

{¶12} In addition, the trial court also stated the following on the record at the sentencing hearing regarding its rationale for imposing Hites' sentence.

> **I went back, Ms. Hites, and checked my records, and there have been people who committed sexual offenses in this county who have been put on community control. Those offenses were entirely different than this offense. The Court is very troubled by the fact that you used a position of trust with this child, but more importantly, that you used your position in the public schools to facilitate one or more of these offenses. That causes me great concern. [Your attorney] says you understand you caused harm. I'm not sure how much harm you realize you've caused, because it's more than just this child. It's a whole school system, it's a whole way of thinking about people and how they interact with children. For someone who is dedicated to young people, the Court doesn't see that. Maybe there's a lot of things I wasn't apprised of today, but this is not dedication to young people, this is taking advantage of one young person. The Court certainly, I would believe had this not come on a bill of information, that you probably would be looking at a life sentence in prison for these offenses at this point in time. So anything the Court does, I would think would be something a whole lot less than that, because I don't have that ability * * * the Court finds that you are not amenable to an available combination of community control sanctions. [I] [f]ind that to not send you to prison would be seriously ignoring the harm that you have caused in this particular manner * * *[and] that only prison can, in fact, justify punishment in this case.**

(Trans. Oct. 11, 2011 Hrg. at pp. 16-18).

{¶13} Initially, we note that on appeal Hites claims the trial court improperly used the "sentencing package" doctrine when it imposed consecutive sentences. Specifically, Hites contends that the trial court attempted to achieve a particular aggregate sentence and considered the two offenses as one group in

-8-

order to impose an omnibus sentence, a sentencing concept which has been rejected by the Supreme Court of Ohio. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245. In support of her argument, Hites points to a comment made by the trial court during the sentencing hearing, in which the trial court stated the following:

> **The Court certainly, I would believe had this not come on a bill of information, that you probably would be looking at a life sentence in prison for these offenses at this point in time.**

(Trans. Oct. 11, 2011 Hrg. at pp. 17-18). Hites maintains that this comment demonstrates that by imposing consecutive sentences, the trial court attempted to impose a sentence more appropriate for the charge of rape rather than imposing a sentence appropriate for the lesser charges of sexual battery for which Hites was convicted. However, when this comment is taken out of isolation and viewed in the context of the entire rationale stated by the trial court for imposing the sentence, it is evident that the trial court relied on specific aggravating facts and circumstances in the record when it imposed consecutive sentences for Hites' conviction for two counts of sexual battery. There is no evidence in the record that the trial court ignored the statutory provisions of sentencing in order to obtain the result of a lengthy sentence. Thus, we find Hites' claim that the trial court improperly applied the "sentencing package" doctrine to her case to be meritless.

{¶14} On appeal, Hites also argues that the sentence imposed by the trial court is contrary to law because it is inconsistent with sentences imposed for similar crimes committed by similar offenders. Hites further maintains that her sentence is unduly harsh and not supported by the record. Initially, we note that other appellate districts have stated the following regarding this issue:

> **R.C. 2929.11(B) imposes a duty upon the trial court to insure consistency among the sentences it imposes. \* \* \* [It is] also recognized, however, that trial courts are limited in their ability to address the consistency mandate, and appellate courts are hampered in their review of this issue, by the lack of a reliable body of data upon which they can rely. \* \* \* "[A]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Having failed to raise this issue at sentencing, [the defendant] cannot now argue that the sentence imposed by the trial court was inconsistent with those imposed on similar offenders.**

*State v. Bell*, 2d Dist. No. 2004-CA-5, 2005-Ohio-655, at ¶ 140, quoting *State v. Roberts*, 8th Dist. No. 84070, 2005-Ohio-28, at ¶ 60, internal citations omitted; *see, also, State v. McClendon*, 7th Dist. No. 11 MA 15, 2012-Ohio-1410, ¶ 15. The record demonstrates that Hites failed to object to the sentence imposed by the trial court at the sentencing hearing or to otherwise raise the issue challenging the consistency of her sentence with sentences imposed for similar crimes committed by similar offenders.

{¶15} Moreover, Hites cites to a variety of other appellate decisions in support of her arguments that the sentence imposed by the trial court is inconsistent with sentences imposed for similar crimes committed by similar offenders and is unduly harsh and not supported by the record. However, there are several distinguishing factors present when comparing this case to the ones cited by Hites. We note that "there is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders." *State v. Allsup*, 3d Dist. No. 6-10-09, 2011-Ohio-404, ¶ 56, citing *State v. Dawson*, 8th Dist. No. 86417, 2006-Ohio-1083, ¶ 31. But rather, an appellate court must examine the record not to decide whether the trial court "imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors may justify dissimilar treatment." *Dawson* at ¶ 31.

{¶16} Consequently, a consistent sentence is not achieved from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 10. Thus, a sentencing court is not required to make a comparison of the current case to previous cases, but is required to appropriately apply the statutory sentencing guidelines in order to maintain consistency. *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 37, citing *State v. Holloman*, 10th Dist. No. 07AP-875,

2008-Ohio-2650. Therefore, an offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate. *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 10.

{¶17} In the instant case, the record demonstrates that Hites was placed in a position of trust at the victim's school as a teacher's aide, a coach and a mentor. Hites began to take an interest in the thirteen-year-old victim and helped her practice volleyball and basketball after school. The record indicates that the incidents in question occurred in the school locker room and bathroom during and after school hours. Some of these incidents occurred in the presence of a special needs child, of whom Hites was placed in charge during the school day. There is evidence in the record that Hites used this special needs child as an excuse to leave her classroom during the school day so that she could see the victim. Hites was able to get permission to take the victim out of her classroom to assist with the child, and then took both the victim and the child to the locker room, where she kissed, fondled, and digitally penetrated the victim in the presence of the child. Even though Hites was charged with two counts of sexual battery, the record indicates that Hites sexually abused the victim on several occasions.

{¶18} In imposing Hites' sentence, the trial court specifically recited the relevant facts and circumstances in the record to support the particular sentence

imposed. The trial court also explicitly stated in its judgment entry of conviction and sentencing that it considered the overriding purposes of the felony sentencing statutes stated in R.C. 2929.11, and balanced the seriousness and recidivism factors in R.C. 2929.12. In addition, the sentences imposed by the trial court did not exceed the permissible statutory range for the offenses for which Hites was convicted. Based on our review of the record, we conclude that the trial court considered the necessary statutory provisions and appropriately applied them to the particular facts and circumstances of this case. Therefore, we are unpersuaded by Hites' contentions that her sentence is disproportionate to sentences imposed for similar crimes committed by similar offenders and that her sentence is unduly harsh and not supported by the record.

{¶19} Based on the foregoing discussion, Hites' first, fourth and fifth assignments of error are overruled.

### *Second Assignment of Error*

{¶20} In her second assignment of error, Hites claims the trial court committed prejudicial error when it relied on new material facts introduced at the sentencing hearing without continuing the hearing or allowing her an adequate opportunity to respond. Hites' argument under this assignment of error stems from the written statement of the victim's parents which was read into the record at sentencing by the court-appointed Victim's Advocate. In this statement, the

victim's parents refer to allegations that Hites' not only sexual abused their daughter, but physically abused her as well by punching her on four occasions and shoving her, causing her to fall down and injure her knee. Hites relies on R.C. 2930.14(B) in support of her argument, which states that

> **The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts.**

{¶21} Initially, we note that R.C. 2930.14 only addresses a victim's statement. However, R.C. 2929.19(A) permits the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, *any other person* to present information relevant to the imposition of sentence in the case at the sentencing hearing. Regardless of who made the statement, the issue on appeal is the same—specifically, whether the record indicates that the trial court relied on new material facts when it imposed Hites' sentence without allowing Hites an adequate opportunity to respond to the new material facts.

{¶22} The record demonstrates that immediately after the statement of the victim's parents was read, the trial court gave Hites' an opportunity to respond to

the statement prior to imposing her sentence. At this time, Hites admitted to sexually abusing the victim, but denied physically abusing the victim in the manner alleged in the statement. Moreover, there is no indication in the record that the trial court took these allegations of physical abuse into consideration when rendering Hites' sentence. Rather, as previously discussed, the trial court specifically stated the relevant facts it relied upon in imposing Hites' sentence, which pertained to Hites' repeated and systematic sexual abuse of the victim and not the additional allegations of physical abuse. Accordingly, we do not find that the trial court committed any prejudicial error to the defendant on this basis. Hites' second assignment of error is overruled.

## *Third Assignment of Error*

{¶23} In her third assignment of error, Hites alleges that the trial court relied on unconstitutional provisions of the felony sentencing statutes when it imposed her sentence. Hites bases her argument on the decision of the Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, in which the Supreme Court severed and declared unconstitutional portions of the felony sentencing statute in effect at that time. However, we note that the Supreme Court in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320 has since acknowledged that the severed portions of the felony sentencing statute would be considered constitutional under the decision of the United States Supreme Court of *Oregon v.*

*Ice*, 555 U.S. 160 (2009) and concluded that given the holding and reasoning of the United States Supreme Court in *Ice*, "the General Assembly is no longer constrained by *Foster's* holdings regarding the constitutionality of the consecutive-sentencing provisions invalidated in *Foster* and may, if it chooses to do so, respond with enactment of a statutory provision in light of *Ice's* holding." *Hodge* at ¶ 6. The General Assembly recently addressed this precise issue and superseded the Supreme Court of Ohio's holding in *Foster* by enacting the recent revisions to the felony sentencing statute in H.B. 86. Accordingly, Hites' reliance on *Foster* is obsolete and her arguments on this point have no merit. Hites' third assignment of error is overruled.

{¶24} For all these reasons, the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**