[Cite as *State v. Ehrenberg*, 2023-Ohio-2096.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 2-22-22

    v.

SIMON M. EHRENBERG,           O P I N I O N

    DEFENDANT-APPELLANT.

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 2-22-23

    v.

SIMON M. EHRENBERG,           O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeals from Auglaize County Common Pleas Court**
**Trial Court Nos. 2022 CR 0048 and 2022 CR 0087**

**Judgments Affirmed**

**Date of Decision: June 26, 2023**

---

**APPEARANCES:**

    *Aaron D. Lowe* **for Appellant**

    *Laia Zink* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant Simon M. Ehrenberg ("Ehrenberg") appeals the September 23, 2022 judgment entries of sentence of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On April 5, 2022, Ehrenberg was indicted in case number 2022 CR 0048 on a single count of possession of methamphetamine in violation of R.C. 2925.11(A), (C)(1)(a); a fifth-degree felony. On April 14, 2022, Ehrenberg appeared for arraignment and entered a not guilty plea to the charge. He was released on his own recognizance.

{¶3} On May 31, 2022, while out on bond in case number 2022 CR 0048, Ehrenberg was involved in an altercation with his mother that culminated in him throwing a baseball at her, which struck her shoulder. On June 16, 2022, Ehrenberg was indicted in case number 2022 CR 0087 with one count of domestic violence in violation of R.C. 2919.25(A), a third-degree felony. At the arraignment hearing held the following day, Ehrenberg plead not guilty to the charge.

{¶4} On July 11, 2022, Ehrenberg appeared for a change-of-plea hearing in the pending cases. Under a negotiated plea agreement, the State requested the trial court amend the charge in case number 2022 CR 0087 from domestic violence in violation of R.C. 2919.25(A), (D)(4), a third-degree felony, to domestic violence in

violation of R.C. 2919.25(A), (D)(3), a fourth-degree felony. In addition, the parties jointly-recommended community-control sanctions with the condition that Ehrenberg complete a substance-abuse program at a CBCF. In exchange, Ehrenberg withdrew his not guilty pleas and entered guilty pleas to the pending charges, as amended. The trial court accepted Ehrenberg's guilty pleas, found him guilty of the offenses, and ordered a pre-sentence investigation (PSI).

{¶5} On September 14, 2022, Ehrenberg was sentenced to 12 months in prison in case number 2022 CR 0048 and 18 months in prison in case number 2022 CR 0087. The trial court ordered the sentences to run consecutively for an aggregate sentence of 30 months in prison. The trial court filed its sentencing entries on September 23, 2022.

{¶6} Ehrenberg filed his notices of appeal on October 14, 2022.

### Assignment of Error

**The trial court erred when it failed to comply with R.C. 2929.14(C)(4) by sentencing Appellant who had no prior felony record to maximum consecutive sentences and sentencing Appellant to more than the maximum term of incarceration for the most serious criminal charge pending before the court at sentencing and making findings finding that consecutive sentences were necessary to protect the public from future crime or to punish the offender and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public without sufficient evidence in the record to make such findings.**

{¶7} Ehrenberg argues that the trial court erred by sentencing him to consecutive sentences because the sentences are not supported by the record. For the reasons that follow, we disagree.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶9} In his assignment of error, Ehrenberg argues that the trial court erred by imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶11}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-

4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St. 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis*

{¶12} Ehrenberg does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, Ehrenberg contends that the record does not support the trial court's findings.

{¶13} At the sentencing hearing, the trial court stated:

> The Court finds that the Defendant committed the [domestic-violence] offense in 2022-CR-87 on May 31, 2022. The Court notes that, at the time, he was out on bond in Case 2022-CR-48, so he committed the second offense while he was awaiting trial in the earlier case and was out on bond * * * so that [satisfies R.C. 2929.14(C)(4)(a)]. * * * [T]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender, the Court finding that consecutive service is necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

(Sept. 14, 2022 Tr. at 14-15). The trial court memorialized those findings in its sentencing entry. In its sentencing entry, the trial court stated:

> The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the court finds that the consecutive service is necessary to protect the public

from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense and the offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender.

(Case No. 2022 CR 0087, Doc. No. 45). Accordingly, the record reflects the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

{¶14} Despite his acknowledgement that the trial court made the required statutory findings, Ehrenberg contends that the findings are not supported by the record. Specifically, Ehrenberg challenges the trial court's determination that his domestic-violence conviction constituted the "worst form of the offense."

{¶15} First, we note that, in his appellate brief, Ehrenberg erroneously states that R.C. 2929.14 mandates that maximum consecutive sentences are reserved for the worst forms of the offense. (Appellant's Brief at 6). Moreover, contrary to Ehrenberg's assertion, the trial court is not required to give findings prior to imposing a maximum sentence. The requirement that the trial court make certain findings prior to imposing a maximum sentence was removed by the Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, and has not been

revived by the legislature. *State v. Maddox*, 8th Dist. Cuyahoga No. 105140, 2017-Ohio-8061, ¶ 30.

**{¶16}** However, to the extent Ehrenberg is attempting to argue that his consecutive sentences are disproportionate to the offenses he committed, this argument is unavailing. Ehrenberg's disproportionality argument focuses chiefly on his domestic-violence conviction. Ehrenberg argues that because he threw a baseball at his mother, striking her shoulder, rather than striking her with his fist or a weapon, his conduct was less serious. (Appellant's Brief at 8-9). Ehrenberg also argues his conduct was less serious because his two prior domestic-violence convictions were the result of verbal assaults, rather than physical violence.

**{¶17}** However, a review of the record reveals that the trial court supported its findings that consecutive sentences were not disproportionate to the offense committed. First, contrary to Ehrenberg's argument that his prior convictions were based on verbal assaults, the PSI indicates that one of Ehrenberg's prior domestic-violence convictions was the result of Ehrenberg punching his brother in the face and the other was the result of Ehrenberg threatening to "beat up" his mother and pushing her into the wall. (PSI). Additionally, although the State originally agreed to jointly recommend community-control sanctions, at the sentencing hearing, the State indicated that, due to recent allegations that Ehrenberg was involved in a situation where drugs were brought into the jail, the State was "concerned" about

his ability to cooperate with community-control sanctions, particularly completion of a program at a CBCF. (Sept. 14, 2022 Tr. at 4-5). Moreover, Ehrenberg's prior failure to complete court-ordered anger-management programming, which resulted in two separate probation violations, cast into doubt Ehrenberg's amenability to community-control sanctions. Furthermore, his former supervising officer informed the PSI writer that Ehrenberg was so non-compliant during his former supervision that, in her opinion, supervising him was "absolutely pointless." (PSI). Therefore, we find the trial court did not err by finding that consecutive sentences were appropriate.

{¶18} Accordingly, Ehrenberg's assignment of error is overruled.

*Conclusion*

{¶19} For the foregoing reasons, Ehrenberg's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Auglaize County Court of Common Pleas.

***Judgments Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

**/jlr**