[Cite as *State v. Gallant*, 2025-Ohio-3182.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GARY WAYNE GALLANT,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-05

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 24-CR-0147

Judgment Affirmed

Date of Decision: September 8, 2025

APPEARANCES:

    *William T. Cramer* for Appellant

    *Daniel J. Stanley* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Gary Wayne Gallant ("Gallant"), appeals the January 23, 2025 judgment of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On May 21, 2024, the Crawford County Grand Jury indicted Gallant on 26 charges: Count One of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a third-degree felony; Counts Two, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(a), fourth-degree felonies; Counts Three, Four, Seventeen, Eighteen, Nineteen, Twenty, Twenty One, Twenty Two, Twenty Three, Twenty Four, Twenty Five, and Twenty Six of having weapons while under disability in violation of R.C. 2923.13(A)(3), (B), third-degree felonies; and Count Sixteen of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. Counts Five through Sixteen included firearm specifications pursuant to R.C. 2941.141(A). At his arraignment, Gallant entered not-guilty pleas to the counts in the indictment.

{¶3} On November 27, 2024, upon the motion of the State and with the agreement of Gallant's trial counsel, the trial court granted the State's motion to amend Counts Five, Six, Seven, Eight, and Eleven from the original charge of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), fourth-degree

felonies, to trafficking in fentanyl-related compound in violation of R.C. 2925.03(A)(1), fifth-degree felonies.

{¶4} The parties appeared for a change-of-plea hearing on December 3, 2024. Pursuant to a negotiated-plea agreement, Gallant withdrew his not-guilty pleas to Counts One through Twenty One without the associated firearm specifications. In exchange, the State moved to dismiss the firearm specifications and the remaining counts in the indictment. The trial court accepted Gallant's pleas, found him guilty thereof, and continued the matter for sentencing after the preparation of a presentence investigation ("PSI"). The trial court filed its judgment entry of conviction that same day.

{¶5} At the sentencing hearing on January 22, 2025, the trial court found that Counts Three and Four and Counts Seventeen through Twenty One merged for sentencing. The State elected to have Gallant sentenced on Counts Three and Seventeen, respectively. The trial court then sentenced Gallant to 12 months in prison on each of the 16 counts for an aggregate term of 192 months in prison. The following day, the trial court filed its judgment entries of sentence.[1]

{¶6} On January 28, 2025, Gallant filed a notice of appeal. He raises a single assignment of error for our review.

---

[1] On January 23, 2025, the trial court filed both the initial judgment entry of sentence and a nunc pro tunc sentencing entry memorializing the dismissal of Counts 22 through 26 in accordance with the parties' agreement.

**Assignment of Error**

**By clear and convincing evidence, the record does not support the trial court's imposition of consecutive sentences for all of the drug-related counts.**

{¶7} In his assignment of error, Gallant argues that his sentence is contrary to law because the trial court's consecutive-sentencing findings were not supported by the record.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶9} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

(4) [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender, (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

{¶11} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v.*

*Bonnell*, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶12} Furthermore, pursuant to R.C. 2953.08(G)(2)(a), appellate court may only "modify or vacate consecutive sentences if it clearly and convincingly finds that the record does not support the trial court's consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 22.

*Analysis: Consecutive Sentencing*

{¶13} Gallant does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4).  Rather, he contends the record does not support the trial court's findings.

At the sentencing hearing, the trial court stated:

> The one thing I do want to discuss about is, that under 2929.14, there's no doubt that consecutive sentences are appropriate here.  The Court finds that consecutive multiple prison terms are necessary to protect the public from future crime, to punish the offender, they're not disproportionate to the seriousness of the offender's conduct and the danger the offender possess to the public.  Quite frankly, he had firearms, a tremendous amount of firearms, and he was trafficking in drugs, methamphetamine I believe, there was also some fentanyl, those drugs are extremely dangerous and posed a significant risk to people in our community.  [Number] 1, they could overdose on those drugs, people buy them; [Number] 2, giving someone methamphetamine it's like creating a terrible situation where that person can hurt themselves or others and we've seen enough cases where people have been involved in violent matters because they were under the influence of methamphetamine.  I do find that under

> 2929.14(C)(4)(a)(b) and (c), I find that those apply, (a) doesn't apply, however, (b) does. At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Also under (c), the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

(Jan. 22, 2025 Tr. 15-17). The trial court memorialized those findings in its sentencing entry. Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

{¶14} Nonetheless, Gallant argues that the trial court's finding that consecutive sentences were necessary to protect the public was not supported by the record. Specifically, Gallant contends that his health is "poor" and that the crimes that he committed were not violent. He also asserts that although his criminal history is "lengthy," he has successfully completed probation once before, and is, therefore, capable of doing so again. We do not find Gallant's arguments to be well-taken.

{¶15} Our review of the PSI indicates that Gallant's criminal history is very lengthy. He has a number of drug-related offenses, spanning decades, including multiple possession-of-drugs offenses in recent years. Furthermore, although Gallant did once successfully complete probation in 2003, after the completion of

his probation he went on to be convicted of a plethora of additional crimes, including drug-related offenses. Moreover, although Gallant's health may be "poor," it has apparently not stopped him from engaging in criminal activity. Additionally, the details of the instant offense indicate that Gallant was involved in an extensive drug-trafficking enterprise involving dangerous drugs and firearms. Accordingly, after reviewing the information the trial court had available to it at the time of sentencing, specifically the PSI, we do not find that the trial court's consecutive-sentencing findings were clearly and convincingly not supported by the record.

{¶16} Gallant's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case No. 3-25-05

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

 

 

 

Mark C. Miller, Judge

 

 

William R. Zimmerman, Judge

 

 

John R. Willamowski, Judge

DATED:
/jlm