[Cite as *State v. Rideout*, 2026-Ohio-304.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JONATHAN ANDREW RIDEOUT,

    DEFENDANT-APPELLANT.

**CASE NO. 14-25-23**

**OPINION AND
JUDGMENT ENTRY**

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JONATHAN ANDREW RIDEOUT,

    DEFENDANT-APPELLANT.

**CASE NO. 14-25-24**

**OPINION AND
JUDGMENT ENTRY**

---

**Appeals from Union County Common Pleas Court
Trial Court Nos. 23-CR-0049 and 24-CR-0237**

**Judgments Affirmed**

**Date of Decision: February 2, 2026**

**APPEARANCES:**

*Alison Boggs* **for Appellant**

*Raymond Kelly Hamilton* **for Appellee**

**MILLER, J.**

**{¶1}** Defendant-appellant, Jonathan A. Rideout ("Rideout"), appeals the May 22, 2025 judgments of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

*Case Number 23-CR-049*

**{¶2}** On March 2, 2023, the Union County Grand Jury indicted Rideout on a single count of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony. At his arraignment, he entered a not-guilty plea to the indictment.

**{¶3}** On August 29, 2023, the State filed a bill of information charging Rideout with an additional charge (hereinafter "Count Two") of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. That same day, pursuant to a negotiated-plea agreement, the State made a motion to amend Count One to attempted tampering with evidence in violation or R.C. 2923.02 and R.C. 2921.12(A)(1), (B), a fourth-degree felony. In exchange, Rideout withdrew his not-guilty plea and entered guilty pleas to amended Count One and Count Two. The trial court accepted Rideout's plea and found him guilty thereof.

The parties proceeded immediately to sentencing where the trial court placed Rideout on community control for a period of five years. Further, the trial court notified Rideout that if he violated the terms of his community control, committed a violation of any law, or left the state without permission, the trial court could impose a term of 18 months in prison on amended Count One and 12 months in prison on Count Two to be served consecutively to each other, for a total sentence of 30 months. That same day, the trial court filed its judgment entry of sentence.

{¶4} On May 24, 2024, a notice of alleged community-control violations was filed claiming that Rideout violated the terms of his community control by leaving the state without permission, failing to report for a substance abuse test, admitting to abusing illegal drugs, and associating with people with criminal backgrounds. As a result, Rideout was arrested and incarcerated locally. At a hearing on June 11, 2024, Rideout entered an admission to the community-control violations. The trial court accepted Rideout's admissions and found that he violated the terms of his community control. The trial court continued sentencing in order for Rideout to be assessed for placement in a community based correctional facility ("CBCF") and ordered that Rideout remain incarcerated pending sentencing. Rideout appeared for sentencing on June 14, 2024, where he was continued on community control under the same terms and conditions previously imposed, but with the additional requirement that he successfully complete a CBCF treatment program. Rideout was again advised that if he violated any of the terms or conditions of community

control, the court may impose a more restrictive community control or he could be sent to prison for 18 months on amended Count One and 12 months on Count Two, to run consecutively to each other.

{¶5} On January 15, 2025, a second notice of alleged community control violations was filed asserting that Rideout violated the terms of his community control by: (1) failing to refrain from the use of alcohol on or about January 6, 2025; (2) failing to follow the orders of his supervising officer; (3) being found guilty of an OVI in the Delaware Ohio Municipal Court on or about January 6, 2025; (4) failing to follow the rules of the treatment facilities or programs he was placed in; (5) failing to follow all orders rules, and regulations of the trial court and the Delaware Ohio Municipal Court; and (6) operating a motor vehicle without a valid operator's license.  As a result, Rideout was arrested and incarcerated locally.

{¶6} Rideout appeared on January 31, 2025 for a hearing on the alleged violations of his community control.  The State dismissed the fourth violation (relating to Rideout's alleged failure to follow the rules and regulations of his treatment facility) and Rideout admitted to the remaining violations.  The trial court found that Rideout violated his community control.  The trial court continued sentencing to coincide with sentencing in case number 24-CR-237.

*Case Number 24-CR-237*

{¶7} On October 25, 2024, while a resident at the CBCF, the Union County Grand Jury indicted Rideout on Count One of trafficking in cocaine in violation of

R.C. 2925.03(A)(2), (C)(4)(d), a third-degree felony; Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(c), a third-degree felony; Count Three of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a second-degree felony; Count Four of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(c), a second degree felony; Counts Five and Six of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), fifth-degree felonies; Count Seven possession of drugs in violation of R.C. 2925.11(A), (C)(2)(a), a first-degree misdemeanor; and Count Eight of receiving proceeds of an offense subject to forfeiture proceedings in violation of R.C. 2927.21(B), (E), a fifth-degree felony. Counts One through Four also included forfeiture specifications for various items and money. These charges arose from Rideout's supervising officers finding quantities of various drugs, scales and a large amount of cash in Rideout's home. Drug task force officers were called to the residence to collect evidence and initiate a further criminal investigation. At his initial appearance on November 19, 2024, Rideout entered not-guilty pleas to all charges. He was granted an own recognizance bond with the condition that he successfully complete the CBCF treatment program.

{¶8} A notice of bond violations was filed on January 15, 2025 alleging that Rideout had been using marijuana. At the hearing held that same day, the trial court modified Rideout's bond and remanded him to the custody of the Union County Sheriff's Office.

{¶9} Pursuant to a negotiated-plea agreement, the parties appeared for a change-of-plea hearing on April 4, 2025. In exchange for the State agreeing to dismiss the remaining counts, Rideout entered guilty pleas to Counts, One, Three, Five, Six, Seven, and Eight. The trial court accepted Rideout's pleas and found him guilty thereof.

### Sentencing Hearing

{¶10} On May 22, 2025, Rideout appeared for a sentencing on in both cases. With respect to case number 23-CR-049, the trial court sentenced Rideout to 18 months in prison on amended Count One and 12 months in prison on Count Two. Further, the trial court ordered the sentences to run consecutively to each other.

{¶11} On case number 24-CR-237, the trial court sentenced Rideout to an indefinite term of 5 to 7 and one-half years in prison on Count Three (with 5 years mandatory time), 30 months in prison on Count One, 6 months in prison on Count Five, 6 months in prison on Count Six, 180 days of local incarceration on Count Seven, and 6 months in prison on Count Eight. With the exception of the misdemeanor charge, the trial court ordered the sentences for each count to be served consecutively for an aggregate terms of 9 years to 11 and one-half years in prison. The trial court did not order the sentences in the two cases to be served consecutively to one another. That same day, the court filed the judgment entries of sentence.

{¶12} Rideout filed notices of appeal on June 20, 2025. He raises a single assignment of error for our review.

**Assignment of Error**

**The trial court erred when it sentenced Appellant to consecutive sentences in case numbers 23-CR-049 and 24-CR-237.**

{¶13} In his assignment of error, Rideout argues that his consecutive sentences are contrary to law. Specifically, he argues that the trial court's consecutive-sentencing findings were not supported by the record.

*Standard of Review*

{¶14} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶15} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this

state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C)

provides:

> (4) [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶16} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender, (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶17}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶18}** Furthermore, pursuant to R.C. 2953.08(G)(2)(a), appellate court may only "modify or vacate consecutive sentences if it clearly and convincingly finds that the record does not support the trial court's consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 22.

*Analysis*

**{¶19}** Rideout does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, he contends the record does not support the trial court's findings.

At the sentencing hearing, with respect to 23-CR-049, the trial court stated:

> The Court finds that the shortest prison term would demean the seriousness of the offenders conduct and not adequately protect the public from future crimes by the offender or others. And that consecutive sentences are necessary to protect the public from future crime and to punish the defendant. They are not disproportionate to the seriousness of his conduct and to the danger that he poses to the public.

Case Nos. 14-25-23, 24

> The Court further finds that he committed one or more of the multiple offenses while he was awaiting trial or sentencing, was under a sanction imposed pursuant to Revised Code Section 2929.16, 17, 18 of the Revised Code, or was under post-release control for a prior offense.

> The Court further finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

(May 22, 2025 Tr. 17-18).

Then, with respect to case number 24-CR-237, the trial court found as follows:

> The Court further finds that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and to the danger that he poses to the public.

> And finds that he committed one or more of the multiple offenses while he was awaiting trial or sentencing, was under a sanction imposed pursuant to Revised Code Section 2929.16, 17, or 18, or was under post-release control for a prior offense.

> Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and, therefore, that the harm . . . caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the . . . courses of conduct adequately reflects the seriousness of the defendant's conduct.

> The Court further finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

(May 22, 2025 Tr. at 24-25).

-10-

{¶20} Further, the trial court memorialized those findings in its sentencing entries. Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entries.

{¶21} In his assignment of error, Rideout argues that when imposing consecutive sentences, the trial court must read R.C. 2929.14(C)(4) in pari marteria with R.C. 2929.11 and 2929.12. To us, Rideout appears to argue that the trial court must conduct some additional analysis to ensure consecutive sentences still comply with the purposes and principles of sentencing stated in R.C. 2929.11 and the factors of R.C. 2929.12. However, here, Rideout does not specifically explain how the trial court failed to consider R.C. 2929.11 and 2929.12 when fashioning his sentences. Indeed, the trial court indicated both at the sentencing hearing and in the judgment entries of sentence that it considered R.C. 2929.11 and 2929.12 when constructing his sentence. Further, pursuant to the Supreme Court of Ohio, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42.

{¶22} Rideout also argues that the trial court's consecutive-sentencing findings were not supported by the record. With respect to his sentence in case number 23-CR-049, Rideout attempts to place the blame for his behavior not with

himself, but with the trial court and his probation officer for failing to recognize "the constant help an addict requires to maintain any sort of sobriety reached at [a CBCF]." Rideout attempts to assign blame to the court system for purportedly not providing him the tools to be "free from the temptation to commit future crime." (Appellant's Brief at 12-13). After reviewing the record and the various efforts at rehabilitation made by several courts, we reject Rideout's argument.

{¶23} Notably, Rideout's argument seems to apportion blame and responsibility for his actions and behavior on the court system rather than taking personal responsibility, a notion that we reject. Rather, the record indicates the probation violation for which Rideout was sentenced to prison marked the second probation violation in that case and that Rideout continued to use drugs and alcohol in violation of the conditions of his community control, even to the extent of placing others in danger by his driving under the influence. Furthermore, the record indicates that, at the sentencing hearing, Rideout largely attempted to deflect blame for the probation violations he admitted to by attempting to argue that the violations were in part, due to his probation officer not properly supervising him.

{¶24} With respect to case number 24-CR-0237, Rideout argues that the trial court's consecutive-sentencing findings were not supported by the record. Rideout contends the trial court erred when it found he was not rehabilitated to a satisfactory degree at the CBCF because the drug charges for which he was being sentenced predated his stay at the CBCF. He also, again, attempts to assign blame for his

conduct on the trial court and his probation officer for not providing him with "the type of support that may have actually helped him." (Appellant's Brief at 14). Rideout also alleges that a single course of conduct served as the basis for case number 24-CR-237 and that the trial court erred by finding otherwise. Finally, Rideout contends that although he has a lengthy criminal history, the trial court erred by finding that consecutive sentences were necessary to protect the public from further crime.

{¶25} However, after reviewing the record, we find Rideout's arguments to be without merit. The record indicates that despite the trial court providing him with multiple opportunities to address his substance use, Rideout continued to reoffend. Although Rideout attempts to deflect the blame of his continued criminal conduct on alleged failures of the trial court or his probation officer, Rideout is responsible for his own actions. Furthermore, the record indicates that while he was on community control for the first case, officers located a variety of different drugs, including cocaine and methamphetamine which led to the initiation of the second case. Finally, although Rideout attempts to minimize the breadth and depth of his criminal history, the PSI indicates that Rideout has a lengthy criminal and juvenile record involving multiple drug-related misdemeanor and felony convictions. The PSI further references a conviction and prison sentence for improperly discharging a firearm that involved Rideout firing a weapon toward a person. Accordingly, we

reject Rideout's arguments challenging the trial court's consecutive-sentencing findings.

**{¶26}** Rideout's assignment of error is overruled.

**{¶27}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Union County Court of Common Pleas.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered. The causes are hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge

DATED:
/jlm