[Cite as *State v. Case*, 2023-Ohio-4365.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,                                              CASE NO. 17-23-04

    PLAINTIFF-APPELLEE,

    v.

ZACHARY T. CASE,                                           O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Shelby County Common Pleas Court**
**Trial Court No. 22CR000276**

**Judgment Affirmed**

**Date of Decision:  December 4, 2023**

---

APPEARANCES:

    *Michael J. Scarpelli* **for Appellant**

    *Timothy S. Sell* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Zachary T. Case ("Case") appeals the March 9, 2023 judgment entry of sentence of the Shelby County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On December 8, 2022, the Shelby County Grand Jury indicted Case on 18 counts: Counts One through Six of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(2), second-degree felonies; and Counts Seven through Eighteen of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), fourth-degree felonies. Additionally, each of the counts included a criminal forfeiture specification of two cell phones, two laptop computers, and a desktop computer. Case appeared for arraignment on December 14, 2022 where he entered a not guilty plea to the charges in the indictment.

{¶3} Pursuant to a negotiated-plea agreement, on January 30, 2023, Case appeared for a change-of-plea hearing where he entered guilty pleas to Counts One and Two. In exchange, the State agreed to dismiss the remaining counts. The trial court accepted Case's guilty pleas, found him guilty of the two counts, and, at the request of the State, dismissed the remaining counts. The trial court ordered a presentence investigation. ("PSI")

{¶4} At the sentencing hearing held on March 9, 2023, the trial court sentenced Case to an indefinite prison term of seven to ten and one-half years on Count One and a definite prison term of seven years on Count Two. The trial court ordered the sentences to be served consecutively for an aggregate term of 14 to 17 1/2 years in prison. The trial court filed its judgment entry that same day.

{¶5} Case filed a notice of appeal on April 17, 2023. He raises one assignment of error for our review.

**Assignment of Error**

**The trial court's decision to impose consecutive sentences is clearly and convincingly unsupported by the record.**

{¶6} Case argues that the trial court erred by sentencing him to consecutive sentences because the consecutive sentences are not supported by the record. For the reasons that follow, we disagree.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*

at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶8}** In his assignment of error, Case argues that the trial court erred by imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶10}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St. 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

*Analysis*

**{¶11}** Case does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, he contends that the record does not support the trial court's findings.

**{¶12}** At the sentencing hearing, the trial court stated:

> And the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish you; and that consecutive sentencing is not disproportionate to the seriousness of

> your conduct and to the danger you pose to the public. And the Court also finds that * * * the multiple offenses so committed as part of the course of conduct * * * [are] so great or so unusual that no single prison term for any of the offenses committed as part of the courses of conduct would adequately reflect the seriousness of * * * your conduct.

(Mar. 9, 2023 Tr. at 7). The court memorialized those findings in its sentencing entry. (Doc. No. 67). Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

{¶13} Yet, Case argues that the trial court erred by failing to conduct its analysis in accordance with the Supreme Court of Ohio's decision in *State v. Gwynne*, ____ Ohio St.3d _____, 2022-Ohio-4607 ("*Gwynne IV*"). However, in *State v. Gwynne*, ___Ohio St.3d _____, 2023-Ohio-3851 ("*Gwynne V*"), which was decided while Case's appeal was pending, the Supreme Court of Ohio reconsidered and vacated its prior decision in *Gwynne IV* and reiterated that "[a]ppellate review turns on whether the trial court's findings are clearly and convincingly not supported by the record, and if the evidence supports the trial court's consecutive-sentence findings, the analysis ends there." *Gwynne V* at ¶ 24.

{¶14} Nevertheless, Case argues that the trial court's finding that consecutive sentences are necessary to protect the public from him is clearly and convincingly not supported by the record because his prior criminal record consists

only of two non-violent misdemeanors and that he was "gainfully employed up until the time he was sent to prison." (Appellant's Brief at 6). We disagree.

{¶15} First, we note that, at the sentencing hearing, the trial court acknowledged that Case "[has] something of a minimal record." (Mar. 9, 2023 Tr. at 6). However, the trial court also noted that Case was originally indicted on 18 felony counts and that the evidence demonstrates "this was not an * * * occasional incident on [Case's] part but that as a regular course of conduct * * * involving extremely graphic and disturbing images and videos" and that Case "actually sought out those * * * materials." (*Id.*).

{¶16} Additionally, the PSI, which the trial court stated that it considered when fashioning Case's sentence, contained a plethora of information supporting the trial court's findings. Specifically, the PSI stated that Case possessed 112 videos on his phone, 92 of which were "extreme juvenile porn" depicting "disturbing and graphic pre-pubescent and young teenage females engaged in all kinds of sexual activity (oral, vaginal, anal, and bondage) with adult males" with some of the victims as young as seven-years-old. (PSI). Furthermore, the PSI indicates that Case completely failed to acknowledge responsibility for the underlying conduct, instead telling the PSI author that he has "no memory" of the instant offenses due to side effects from a gas leak at his residence during the time of the offenses. (*Id.*). Yet, Case simultaneously acknowledged that he was the only person with access to his cellular phone during the relevant time period. (*Id.*).

{¶17} Accordingly, after reviewing the record, we find that the trial court's consecutive-sentence findings were amply supported by the record and we reject Case's argument to the contrary. We conclude that the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry and that those findings are not clearly and convincingly unsupported by the record. *Gwynne V*, 2023-Ohio-3851, at ¶ 24.

{¶18} Case's assignment of error is overruled.

*Conclusion*

{¶19} For the foregoing reasons, Case's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Shelby County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur**

**/eks**